**UNITED STATES of America,**

v.

**Marvin THOMAS.**

**Criminal Action No. 3:04cr188–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 16, 2005.

Matthew S. Miner, Montgomery, AL, for United States of America.

Leslie Susanne Smith, Kevin L. Butler, Federal Defenders, Montgomery, AL, for Marvin Thomas.

## *ORDER*

MYRON H. THOMPSON, District Judge.

Defendant Marvin Thomas is currently charged with 15 counts of possession and false presentment of embezzled, stolen, or converted postal money orders. This criminal case is before the court on Thomas's objection to the introduction of his statement, "I won't say where I got them," in response to a question posed to him by Postal Inspector Tynan during custodial interrogation of who gave him certain postal money orders. Thomas asserts that, while the statement occurred after he had been 'Mirandized' and in the midst of an interrogation in which he answered other questions, the introduction of the statement at trial would violate his Fifth

Amendment right to silence. For the following reasons, it is ORDERED that the objection is overruled.

In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the Supreme Court held that a defendant's post-*Miranda* silence cannot be used to impeach his exculpatory testimony at trial. Thus, the case stands for the proposition that the prosecution may not use a defendant's silence, or an invocation of his Fifth Amendment right to silence, to imply guilt at trial.

The question in this case is therefore whether Thomas's statement, "I won't say where I got [the money orders]," constitutes an invocation of the right to silence such that the statement cannot be introduced as evidence against him at trial.

In *United States v. Mikell*, 102 F.3d 470 (11th Cir.1996), the Eleventh Circuit Court of Appeals held that a suspect's refusal to answer certain questions during custodial interrogation is not tantamount to an invocation, either equivocal or unequivocal, of his constitutional right to remain silent such that questioning must cease under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Mikell was arrested on drug charges. After being Mirandized, he said that he understood his rights and wanted to talk. He gave responses to questions posed to him. However, "at several other times during the interview, Mikell also indicated that he would not answer particular questions. He never explicitly indicated, however, that he wanted the questioning to cease or that he wanted an attorney to be present." 102 F.3d at 473–74.

The *Mikell* court first observed that, under *Davis v. United States*, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), and *Coleman v. Singletary*, 30 F.3d 1420, 1423–24 (11th Cir.1994), a suspect "must articulate his desire to end questioning with sufficient clarity so that a reasonable police officer would understand that statement to be an assertion of the right to remain silent. If the statement is ambiguous or equivocal, the police have no duty to clarify the suspect's intent, and they may proceed with questioning." 102 F.3d at 476. Based on these holdings, the Eleventh Circuit reasoned that because Mikell's statements were ambiguous or equivocal, the police did not have a duty to refrain from further questioning. The appellate court pointed out that "[a]t no time during the interrogation did Mikell indicate that he wanted the questioning to cease. He simply refused to answer certain questions ... while continuing to answer other questions." *Id.* at 467–77.

As in *Mikell*, Thomas never told Inspector Tynan that he wished questioning to cease. Rather, he simply stated, "I won't say where I got [the money orders]." After making that statement, Thomas continued to speak with Inspector Tynan and answered other questions posed to him. At no time did he inform Inspector Tynan that he refused to answer *any* further questions, and at no point did he state that he wished questioning *as a whole* to cease. At most, Thomas selectively responded to the questions posed to him during interrogation.

Thus, the court concludes that Thomas did not unambiguously and unequivocally invoke his right to silence by stating "I won't say where I got [the money orders]." Because this statement is not considered to be an invocation of his Fifth Amendment right to silence under Eleventh Circuit case law, *Doyle* and its progeny do not preclude Thomas's statement from being properly introduced into evidence.